■ In the Matter of CLAIRE S. FERRYMAN, Respondent, against FREDERICK G. WEISSER et al., Constituting the Board of Appeals of the Incorporated Village of Great Neck Estates, Appellants.— Proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the Board of Appeals of the Incorporated Village of Great Neck Estates, which denied an application for a variance. On February 23, 1926, when the village zoning ordinance was adopted, lot 286, the premises here involved, comprised an area of 10,919 square feet and had a frontage of 80 feet. That ordinance provided that a one-family house could not be built on an area less than 12,900 square feet in the district where the lot was located, except that any smaller plot of which ownership at the time of passage of the ordinance differed from the ownership of all adjoining plots might be improved with buildings if minimum yard sizes were observed. In October, 1943, respondent purchased an adjacent parcel, corner lot 186, with an area of over 13,000 square feet. In April, 1944, she purchased lot 286. The combined area of these two lots was about 24,550 square feet. In 1947 the zoning ordinance was amended to require a frontage of 90 feet for one-family dwellings in the district in question. In 1955 respondent sold corner lot 186, with the result that her remaining lot 286 had an area and frontage less than the ordinance required as a prerequisite for building. The appeal is from an order of the Special Term which annulled the determination, granted the variance, and directed that a building permit be issued. Order reversed, without costs, and determination reinstated and confirmed, without costs. There is substantial evidence to support the determination. Nolan, P. J., Wenzel, Beldock and Ughetta, JJ., concur; Kleinfeld, J., dissents and votes to affirm.

■ SAMUEL NEHEMIAN, Respondent, v. CELIA LEINWAND et al., Appellants.— In an action for a judgment declaring the rights of the parties with respect to three parcels of real property and for other relief, the appeal is from a judgment, entered after trial on the decision of an Official Referee, which, *inter alia,* declares that respondent and appellant Celia Leinwand were equal partners in said properties, that respondent is entitled to one half of the income thereof and one half of the profits upon the sale of the properties, that the partnership was dissolved, and that respondent is entitled to an accounting by both appellants, and directing that the properties be sold at public sale. The judgment also provides that the pleadings are amended to conform to the proof. Judgment unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.